UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALINA SULICI and ALEX CHIHAIA, individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COLOR IMAGE APPAREL D/B/A ALO YOGA, ALO, LLC, BRIGET STARLEE, BRUNA LIRIO, CORAL SIMANOVICH ROBERTO, GIZELLE OLIVEIRA, GEORGINA MAZEO, JOY CORRIGAN, JOSIE CANSECO, LEXI WOOD, LUDI DELFINO, MADISON TEEUWS, MICHELLE SALAS, OLIVIA PONTON, SARA ORREGO, TESSA BROOKS, VERONKA RAJEK, <br><br> Defendants. | Civil Action No. 1:25-cv-03928 <br><br> Hon. Georgia N. Alexakis |

**PLAINTIFFS' MOTION FOR SERVICE OF PROCESS
BY EMAIL AND SOCIAL MEDIA**

Plaintiffs, ALINA SULICI, and ALEX CHIHAIA, by and through their attorneys, Keith L. Gibson and Bogdan Enica, and pursuant to Federal Rule of Civil Procedure 4(e)(1), requests entry of an Order authorizing service of process by email and social media on Defendants BRUNA LIRIO, MADISON TEEUWS, VERONIKA RAJEK, and CORAL SIMANOVICH ROBERTO, and in support thereof state as follows.

**INTRODUCTION**

This Court may authorize Plaintiffs to use alternate service under the applicable federal rules. Federal Rule of Civil Procedure 4(e)(1) authorizes service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." As such, the Court should allow service following Illinois state law. In Illinois, "[i]f the court is satisfied that the defendant/respondent has access to and the ability to use the necessary technology to receive and read the summons and documents electronically, […] alternative methods of service or combination of methods of service may be ordered by the court […]." Illinois Supreme Court Rule 102(e).

Illinois law allows for "(A) Service by social media. Service by social media shall be made by (i) sending a direct message to the defendant/respondent on a social media platform on which the defendant/respondent has an active profile; (ii) attaching a copy of the summons, complaint/petition, and any other required documents to the direct message; and (iii) stating in the body of the direct message: "Important information—You have been sued. Read all of the documents attached to this message. To participate in the case, you must follow the instructions listed in the attached summons. If you do not, the court may decide the case without hearing from you, and you could lose the case." *Id.*

Also, Illinois law allows for "(B) Service by e-mail. Service by e-mail shall be made by (i) sending an e-mail to the defendant/respondent at his or her current e-mail address; (ii) attaching a copy of the summons, complaint/petition, and any other required documents to the e-mail; (iii) stating in the subject line of the e-mail message : "Important

information—You are being sued"; and (iv) stating in the body of the e-mail: "You have been sued. Read all of the documents attached to this e-mail. To participate in the case, you must follow the instructions listed in the attached summons. If you do not, the court may decide the case without hearing from you, and you could lose the case."

As with many other influencers, these named Influencers are very protective of their private information, going to great lengths to hide her home address and location, for example. This is not unusual for influencers and celebrities. "One of the main risks for influencers is fans who try to get too close to them. It might seem impossible to protect their identity when putting themselves out in the public sphere but it's vital to keep as much personal information as possible private.[1]" As to Influencers identified herein, service of process by email and social media would be proper at this juncture.

## ARGUMENT

Courts have routinely upheld service by email in infringement actions where online stores' business appeared to be conducted entirely through electronic communications. *Oakley, Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, No. 20-CV-05049, 2021 WL 2894166, at *5 (N.D. Ill. July 9, 2021). The situation is identical. Defendants' online conduct is the sole reason why they are defendants in this case.

**Bruna Lirio**

---

[1] https://hellopartner.com/2022/07/07/influencer-cybersecurity-why-social-media-personalities-must-protect-themselves/ (last visited May 23, 2025)

Defendant Bruno Lirio, ("Lirio"), is a social media influencer active on Instagram where her handle is @brunalirio. Based on her activity on social media, endorsing products marketed by co-defendant Alo Yoga, she induced the Plaintiffs to purchase goods online that proved to be less valuable than the amount paid causing an economic loss.

According to Lirio's Instagram profile, she can be contacted by emailing: contactbrunalirio@gmail.com. Also, her Instagram profile allows for sending her direct messages.



Email address                    Direct messages

Screenshot available at https://www.instagram.com/brunalirio/ as of May 29, 2025

We were not able to locate Lirio using a search on LexixNexis Risk Solutions platform Accurint ("Accurint"). Lirio is most likely aware of the lawsuit as recently (only 3 weeks prior to fling of this motion) she modified her Instagram for Alo Yoga to include the "Ad" in the posts in order to comply with the law.  For example, the below screenshots (in the right column), taken on May 29, 2025, indicate that the posts were edited 3 weeks

4

ago. The original posts (in the left column) do not contain the "Ad."

Original Post Edited post captured on May 29, 2025

Post available at: https://www.instagram.com/p/C1cc0vaJQup/

Original Post Edited post captured on May 29, 2025

Post available at: https://www.instagram.com/p/C20M7LePgrW/

Given her status as an influencer and the nature of her job being completely online, we are confident that Lirio has the ability to use the necessary technology to receive and read the summons and documents electronically.

Also, under the present circumstances, where Lirio has been aware of this litigation for several weeks, Plaintiff submits that service by email and social media are more reliable methods of service in this instance because Defendant's email address is posted publicly on her Instagram profile, while her physical addresses is not. This is precisely the type of situation that justifies an order directing that service be effectuated by email and social media.

**Madison Teeuws**

Defendant Madison Teeuws, ("Teeuws"), is a social media influencer active on Instagram where her handle is @madtev. Based on her activity on social media, endorsing products marketed by co-defendant Alo Yoga, she induced the Plaintiffs to purchase goods online that proved to be less valuable than the amount paid causing an economic loss. Given her status as an influencer and the nature of her job being completely online, we are confident that Teeuws has the ability to use the necessary technology to receive and read the summons and documents electronically.

According to Teeuws' Instagram profile, she can be contacted by emailing: mteeuws@yahoo.com. Also, her Instagram profile allows for sending her direct messages.



Email address            Direct messages

Screenshot available at https://www.instagram.com/madtev/ as of May 28, 2025

Plaintiffs have made several attempts to serve Teeuws, both in Texas and California, but those efforts have been unsuccessful. First, Accurint revealed an address in Texas. Plaintiff attempted service at the address in TX (Madison Teeuws, 2505 Longview St., Apt. 609, Austin, TX 78705). The following is from the report of Plaintiffs' retained process server:

"Regarding this defendant, our server attempted service at 2505 Longview St. Apt. 609, Austin, TX 78705 again. Our server spoke with the current resident, a 20s blonde female, who stated she has no idea who Madison Teeuws is.

A more recent skip trace done by the process service company, revealed another address in California. The following is a report from Plaintiffs' retained process server:

"The 2 most recent attempts were at the California address, 12121 W. Olympic Blvd., Apt. 5061, Los Angeles, CA. During the first attempt our server checked in with the concierge and informed them that they were a Process Server with documents for the resident of apartment 5061. The concierge then escorted our server to the elevator and provided access to the 5th floor. Our server rang the doorbell of apartment 5061 multiple times but received no response. During the second attempt our server checked in at the concierge desk and spoke with Kimberly "Doe" (Black female, brown eyes with glasses, black hair, approximately 5'5" tall, around 165 lbs., and estimated to be 40-45 years old). Our server informed her that they were a Process Server attempting to serve Madison Teeuws, the resident of apartment 5061. Kimberly checked their database and stated that there was no tenant by the name of Madison Teeuws residing in that apartment. She also mentioned that there were two other tenants in the unit, but she was unable to provide their names. Additionally, she indicated that no one by the name of Madison Teeuws resided in the entire apartment complex"

Under the present circumstances, Plaintiff submits that service by email and social media are more reliable methods of service in this instance because Defendant's email address is posted publicly on her Instagram profile, while her physical addresses is not available. This is the type situation that justifies an order directing that service be effectuated by email and social media.

**Veronika Rajek**

Defendant Veronika Rajek, ("Rajek"), is a social media influencer active on Instagram where her handle is @veronikarajek. Based on her activity on social media, endorsing products marketed by co-defendant Alo Yoga, she induced the Plaintiffs to purchase goods online that proved to be less valuable than the amount paid causing an

7

economic loss. Given her status as an influencer and the nature of her job being completely online, we are confident that Rajek has the ability to use the necessary technology to receive and read the summons and documents electronically.

According to Rajek's Instagram profile, she can be contacted by emailing: manager.happyve@gmail.com. Also, her Instagram profile allows for sending her direct messages



Email address                                                           Direct messages

Upper screenshot available at http://veronikarajek.com as of May 28, 2025
Lower screenshot available at https://www.instagram.com /veronikarajek/ as of May 28, 2025.

Plaintiffs have made several attempts to serve Rajek in California, her believed place of residence, but have been unsuccessful. The following is a report from Plaintiffs' retained process server:

First address: 5550 Wilshire Blvd, Los Angeles, CA, 90036

8

 5/15/2025 12:23 pm Our server non-served the given address. Subject moved about 6 months ago according to the leading manager and name not on directory.

Second address: 1551 Alvira St, Los Angeles, CA, 90035
Latest Status: 5/27/2025 4:33 pm. Regarding this defendant, our server has exhausted attempts at 1551 Alvira St. No one has been home during any of the attempts. We have confirmed this address with skip trace.

For the reasons stated herein, service of process on Veronika Rajek by email and social would be proper and is permitted by the applicable rules.

**Coral Simanovich Roberto**

Plaintiffs' Complaint alleges that Defendant, Coral Simanovich Roberto ("Roberto"), is a United States citizen living in Spain. (*Compl*., ¶ 42). She is transacting business in Illinois, Florida, California and throughout the United States. (*Id*.). Even though Roberto resides outside the United States, service by email and social media, as allowed by the applicated Illinois rules, is proper. Pursuant to Fed. R. Civ. P. 4(f), an individual "may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention … [or] (3) by other means not prohibited by international agreement, as the court orders." It is not necessary to first attempt service on a person residing internationally before effectuating service by email. *See MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd.*, 2008 WL 5100414, No. 08:cv-2593, *2 (N.D. Illinois, December 1, 2008). Spain and the United States are both signatories to the Hague Convention. The Hague Convention does not prohibit service by e-mail or other electronic means. *See Williams-Somona v. Friendfinder Inc.,* 2007 WL 11140639 (N.D. Cal., April 17, 2007). Thus, service of process on Defendant Roberto by

9

email and social media is proper.

Defendant Roberto is a social media influencer active on Instagram where her handle is @coralsimanovich. Based on her activity on social media, endorsing products marketed by co-defendant Alo Yoga, she induced the Plaintiffs to purchase goods online that proved to be less valuable than the amount paid causing an economic loss. Given her status as an influencer and the nature of her job being completely online, we are confident that Roberto has the ability to use the necessary technology to receive and read the summons and documents electronically.

According to Roberto's Instagram profile, she can be contacted by emailing: coral@angelsproject.com. Also, her Instagram profile allows for sending her direct messages.



Direct messages    Email address

Screenshot available at https://www.instagram.com/coralsimanovich/ as of May 29, 2025.

## CONCLUSION

Plaintiff requests leave from the Court to serve Defendants Bruna Lirio, Madison Teeuws, Veronka Rajek, and Coral Simanovich Roberto by email and by social media,

specifically Instagram direct message, by following the requirements of Illinois Supreme Court Rule 102(e).

Dated: May 29, 2025                  Respectfully Submitted,

                                           s/Keith Gibson
                                           Keith L. Gibson, Esq.
                                           KEITH GIBSON LAW P.C.
                                           586 Duane Street, Suite 102
                                           Glen Ellyn IL 60137
                                           Telephone: (630) 677-6745
                                           Email: Keith@KeithGibsonLaw.com

                                           Bogdan, Enica, Esq.
                                           KEITH GIBSON LAW P.C.
                                           1200 N Federal Hwy., Ste.375
                                           Boca Raton FL 33432
                                           Telephone: (305) 306-4989
                                           Email: Bogdan@KeithGibsonLaw.com

                            *Attorneys for the Plaintiff and the Putative Class Members*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel and parties of record in this case.

/s/ Keith L. Gibson
Keith L Gibson, Esq.