# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALINA SULICI and ALEX CHIHAIA, individually and on behalf of all those similarly situated, | ) Civil Action No. 1:25-cv-03928 )  ) Hon. Georgia N. Alexakis ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COLOR IMAGE APPAREL D/B/A ALO YOGA, ALO, LLC, BRIGET STARLEE, BRUNA LIRIO, CORAL SIMANOVICH ROBERTO, GIZELLE OLIVEIRA, GEORGINA MAZEO, JOY CORRIGAN, JOSIE CANSECO, LEXI WOOD, LUDI DELFINO, MADISON TEEUWS, MICHELLE SALAS, OLIVIA PONTON, SARA ORREGO, TESSA BROOKS, VERONKA RAJEK, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT BRUNA FERREIRA SILVA'S (A/K/A BRUNA LIRIO) UNCONTESTED MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT AND FOR LEAVE TO FILE AN APPROPRIATE RESPONSE TO THE COMPLAINT**

Defendant Bruna Ferreira Silva (a/k/a Bruna Lirio) ("Lirio"), by and through undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure ("FRCP") 55(c) for an order vacating the entry of the default entered against her on or around July 3, 2025, (ECF Dkt. No. 44), and for leave to file an appropriate response to the Complaint within 21 days.

Plaintiffs Alinia Sulici and Alex Chihaia do not contest this motion.[1]

---

[1] As set out in the notice of presentment of this motion, Plaintiffs' counsel advised that they do not oppose the relief requested in the motion because Plaintiffs do not believe that it would be an efficient use of the parties' and the Court's resources to litigate this issue. That said, Plaintiffs do not concede any of the factual or legal contentions on which the motion is based.

## MEMORANDUM OF LAW

"The court may set aside an entry of default for good cause." FRCP 55(c). The "good cause" required to set aside the clerk's entry of default is "more liberally applie[d]" than the "good cause" required to set aside default judgment. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). The federal courts have a "well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007).

To set aside the entry of default under Rule 55(c), the moving party must show "(1) good cause [to set aside] the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco*, 559 F.3d at 630 (internal quotations omitted). Good cause under Rule 55(c) "requires 'good cause' for the judicial action, not 'good cause' for the defendant's error; as used in this Rule, the phrase is not a synonym for 'excusable neglect.'" *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). Here, there is no question that (1) there is good cause to set aside the default; (2) Lirio worked diligently to correct the default; and (3) Lirio has a meritorious defense to Plaintiffs' complaint.

For these reasons and those that follow, this uncontested motion should be granted.

1. **There is good cause to set aside the default.**

<u>First</u>, good cause exists to set aside the default. Defendant's failure to respond to the complaint was not willful. *Cracco*, 559 F.3d at 630 (good cause not in "serious contention" where failure to respond to complaint was not willful but due to inadvertence). In particular, the Court granted Plaintiffs' request to serve Lirio with process by email and Instagram direct message ("DM") but, in so doing, noted that that it "grants this motion without the benefit of adversarial presentation . . . and is willing to revisit the issue if any defendant objects to service of process in this matter." (ECF Dkt. No. 37.) Although Plaintiffs apparently did go forward with

service of process by email and DM, Lirio never saw the DM or the email. (Exhibit A (Declaration of B. Lirio) at ¶ 4-5.).) Lirio has over 376,000 Instagram followers and, as one would expect, she is sent several DMs from people she does not know each day. (*Id.* at ¶ 4.) Lirio is a model known for her work for Victoria's Secret and others. (*Id.* at ¶ 2.) As a lingerie model, it is not hard to imagine why she would not be interested in regularly reviewing unsolicited DMs that numerous random people send her every day. Simply put, she never saw the DM sent to her by Plaintiffs' counsel with the summons and complaint and did not learn of it until advised about it by her counsel. (*Id.* at ¶ 4-5.)

As to the email sent by Plaintiffs' counsel, Lirio does not access the email address to which the email was sent (*i.e.*, contactbrunalirio@gmail.com). (*Id.* at ¶ 5.) Someone else accesses the email and then informs Lirio of any business inquiries sent to that address. (*Ibid.*) Lirio never read the email—nor was she otherwise informed of the email prior to learning of it in the process of retaining counsel. (*Ibid.*) The fact that Lirio herself did not *actually receive* the DM and email sent by Plaintiffs' counsel with the summons and complaint is itself good cause to set aside the default.[2] *See, e.g., Norman v. City of Lake Station,* 845 Fed. App'x 459, 460 (7th Cir. 2021) (good cause to vacate default where summons and complaint were received in mail but never delivered to the appropriate officials); *Cracco*, 559 F.3d at 631 (same).

### 2. Lirio worked diligently to correct the default.

Second, Lirio worked diligently to set aside the default so she could defend herself on the merits. After default was entered on July 3, 2025, undersigned counsel informed Plaintiffs'

---

[2] Lirio does not concede that service of process by DM and email was appropriate here but she has no intention to raise any defenses based on service of process. That said, Lirio will likely contest personal jurisdiction and file a motion pursuant to FRCP 12(b)(2) at the same time as the other Individual Defendants represented by the undersigned counsel file their response(s) to the Complaint, *see* ECF Dkt. Nos. 59, 63.

counsel the same day that they were in the process of being retained by Lirio and notified Plaintiffs of their belief that there are grounds for vacating the default. (Exhibit B (Declaration of A. Difuntorum) at ¶ 2, Ex. 1.) On July 10, 2025, counsel informed Plaintiffs' counsel that they had finalized the retention of Lirio. (*Ibid.*) Then, on July 23, 2025, Lirio's counsel conferred with counsel for Plaintiffs in a good faith effort to resolve this motion, explaining the good cause for setting aside the default, and asked whether Plaintiffs would agree to set aside the default as to Lirio. (*Id.* at ¶ 3.) Plaintiffs' counsel did not respond. (*Ibid.*)

On July 25, 2025, Lirio's counsel followed up with Plaintiffs' counsel and again asked whether Plaintiffs would agree to set aside the default. (*Ibid.*) The parties met and conferred on the issue over email and then by telephone. (*Id.* at ¶ 3-4.) Plaintiffs eventually agreed not to contest this motion on August 1, 2025. (*Id.* at ¶ 4.) This motion was then filed within two business days. All told, Lirio began the process of having the default set aside—by contacting Plaintiffs' counsel on July 23 and explaining the basis for a motion to set aside the default—within 20 days of default being entered. Courts in this Circuit have upheld orders vacating defaults with much more significant "delays" than those here, particularly where there will be *no prejudice* to Plaintiffs from vacatur of the default. "When there has been good cause for delay, and there has been no prejudice to the other party, the Seventh Circuit has upheld a ten-week delay as sufficiently quick to warrant vacating a default judgment." *Bluegrass Marine Inc. v. Galena Rd. Gravel, Inc.,* 211 F.R.D. 356, 359 (S.D. Ill. 2002), citing *Smith v. Widman Trucking & Excavating, Inc.*, 627 F2d 792, 797-98 (7th Cir.1980); *Allen Russell Pub., Inc. v. Levy*, 109 F.R.D. 315, 319 (N.D. Ill. 1985) (vacating default where nine weeks passed between entry of default and motion to vacate).

### 3. Lirio has meritorious defenses to the complaint.

<u>Finally</u>, Lirio has meritorious defenses to the complaint. Plaintiffs allege that Lirio and

fourteen others—with whom the Complaint alleges she has no relationship—"misrepresented the material connection [she has] with [Defendants Color Image Apparel d/b/a Alo Yoga, LLC and Alo, LLC (collectively, "ALO")] by promoting, endorsing, and recommending ALO products without disclosing the fact [she was] compensated to do it[,]" and that Plaintiffs "purchased ALO products and paid a premium, while the ALO products purchased proved to be of a lower value than the price paid." (ECF Dkt. No. 1 at ¶¶ 4, 8.) As noted in footnote 2 above, Lirio will likely challenge personal jurisdiction. Lirio was born in Brazil and lives in Los Angeles. (Exhibit A (Declaration of B. Lirio) at ¶ 1.) Counsel is still investigating the issue, but it appears she has little to no contacts with Illinois particularly as they relate to the allegations of this case.

In addition to jurisdiction, the allegations against Lirio sound in fraud, yet they likely do not satisfy the particularity requirements of FRCP 9(b). Notably, the alleged misrepresentations are not based on positive assertions by Lirio, but on alleged omissions, i.e., their failure to disclose a connection with ALO in purported violation of FTC Guidelines. (*See, e.g.,* ECF Dkt. No. 1 at ¶¶ 65, 71, 105-107.) Fraud and negligent misrepresentation claims based on the failure to disclose based on a purported duty to follow FTC guidelines is very problematic for several reasons. *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1058 (N.D. Ill. 2022) ("In Illinois, a duty to disclose [for purposes of ICFA] can arise where (1) the plaintiff and defendant are in a fiduciary or confidential relationship; or (2) where the plaintiff places trust and confidence in the defendant, thereby placing the defendant in a position of influence and superiority over the plaintiff."); *Lokai Holdings, LLC v. Twin Tiger USA, LLC*, 306 F. Supp. 3d 629, 641 (S.D.N.Y. 2018) ("the FTC does not provide a right of action, and [Plaintiff] cannot engineer one through [using the guideline to support a UCL violation under] California law.").

There are also obvious problems with the allegations of reliance in the Complaint. Plaintiffs allege that they "Plaintiffs would not have purchased the ALO products if they knew

that the Influencers were paid to endorse ALO." (ECF Dkt. No. 1 at ¶ 78.) But there are no allegations as to how the alleged acts and omissions of *Lirio specifically* or those of any other particular individual—or "Influencer" in the parlance of the complaint—caused Plaintiffs to purchase the ALO products. Instead, Plaintiffs allege the posts of *all fifteen* different individuals caused Plaintiffs to buy ALO products. (*Ibid.* (alleging that they would not have bought ALO products if "they knew the Influencers were paid to endorse ALO").) But it is unclear whether if, for example, *Lirio* had never posted anything, Plaintiffs would not have otherwise relied on *the other fourteen individuals'* posts. Relatedly, Plaintiffs do not specify: (a) which *specific* ALO products they supposedly bought in reliance on these fifteen different individuals' posts; (b) which *particular* posts they supposedly relied upon; and (c) the causal connection between these unidentified posts and the purchase of particular ALO products.

      These are just some of the defenses Lirio will raise. Counsel is in the very early stages of investigating the allegations in this case and expects that many other issues will be raised. It is clear, however, that liability is very far from a given in this case *even if* one accepted the truth of allegations in the Complaint (which Lirio does not). Because Lirio has very colorable defenses to the complaint, the default should be vacated and the strong federal policy in favor of litigation on the merits be vindicated.

      For all these reasons, Lirio respectfully requests that the default against her be set aside.

Dated: August 5, 2025          Respectfully submitted,

/s/Jonathan Steinsapir
Jonathan Steinsapir, Esq.
Ashlee Difuntorum. Esq.
KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
310-566-9822
jsteinsapir@khiks.com
adifuntorum@khiks.com
*Attorneys for Defendant Bruna Ferreira Silva (a/k/a Bruna Lirio)*